■ In the Matter of ROSLYN PLAZA ASSOCIATES, INC., Respondent, v VILLAGE OF ROSLYN et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a tax assessment imposed upon the petitioner, the Village of Roslyn, the Treasurer of the Village of Roslyn, the Board of Trustees of the Village of Roslyn, the Mayor of the Village of Roslyn, and the Clerk of the Village of Roslyn appeal from a judgment of the Supreme Court, Nassau County (Collins, J.), entered March 21, 1990, which directed them to refund the taxes paid pursuant to the assessment to the petitioner and prohibited the collection of the assessment until the assessment is passed in accordance with the law.

Ordered that the judgment is affirmed, with costs.

The petitioner, a commercial taxpayer in the respondent Village of Roslyn (hereinafter the Village), received a tax bill for fiscal year 1990 which included a charge labeled "Reserve for Nassau County Sewer Charge" that more than doubled its tax bill for the year. The reserve set aside by the Village almost exactly matches the sum being sued for in a lawsuit between Nassau County and the Village resulting from the construction and use of sewage facilities owned by Nassau County. Because the Village's obligation to pay this sum is dependent upon the outcome of that lawsuit, the amount assessed by the Village against its taxpayers, including the petitioner, is for a contingency and as such is limited, pursuant to Village Law § 5-506 (1) (a) (3), to an amount not more than 10% of the Village's total budget appropriations. In the case at bar, the amount assessed exceeded this 10% limit and was, therefore, properly annulled. Sullivan, J. P., Lawrence, Ritter and Santucci, JJ., concur.